UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

C.B., individually and on behalf of E.B.,
a child with a disability,

         Plaintiff   DECISION AND ORDER

-vs-
               08-CV-6462 CJS

PITTSFORD CENTRAL SCHOOL DISTRICT,

         Defendant
_____

APPEARANCES

For Plaintiff:    Jason H. Sterne, Esq.
         Law Office of H. Jeffrey Marcus
         5888 Main Street
         Williamsville, New York 14221

For Defendant:   David W. Oakes, Esq.
         Harris Beach LLP
         99 Garnsey Road
         Pittsford, New York 14534

INTRODUCTION

This is an action, pursuant to the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, and Article 89 of the New York Stated Education Law, seeking review of a decision of the New York State Department of Education. Now before the Court is Defendant's motion to dismiss the action (Docket No. [#2]).

BACKGROUND

On October 10, 2008, Plaintiff commenced this action. The Complaint identifies the Plaintiffs only as set forth in the caption of this Decision and Order, namely, "C.B.,

1

individually and on behalf of E.B., a child with a disability." Neither the summons nor Complaint identifies the Plaintiffs by their actual names. When Plaintiffs filed the complaint, they did not file the administrative record.

The Complaint purports to set forth two causes of action: 1) a claim for review of the underlying administrative decision; and 2) a claim for attorney's fees, "should plaintiffs prevail." (Complaint ¶ 99). In that regard, Plaintiffs are appealing a decision of the New York State Department of Education's State Review Officer, issued on July 23, 2008. (Complaint ¶ 16).[1] On February 4, 2009, Plaintiffs served the summons and complaint on Defendant. (Oakes Affidavit ("Aff."), ¶ 6).

On February 17, 2009, Defendant filed the subject motion to dismiss (Docket No. [#2]). There are essentially three aspects to the motion. First, Defendant contends that the entire action must be dismissed, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), since Plaintiffs did not file the administrative record simultaneously with the filing of the Complaint. According to Defendant, such simultaneous filing was required by 20 U.S.C. § 1415(i)(2)(C)(i). Because of such failure, Defendant maintains, the Court lacks subject-matter jurisdiction over the action, and the Complaint fails to state a claim.

As a second ground for dismissal, Defendant argues that the Complaint and Summons fail to comply with FRCP Rules 4, 10, 5, 5.2, and 12(b)(4), since neither

---

[1] The Court notes that this action had a four-month statute of limitations. In that regard, 20 U.S.C. § 1415 provides that actions must be commenced within "90 days from the date of the decision of the hearing officer . . . or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B). New York State has such an explicit statute of limitations for actions seeking review of a final determination or order of a state review officer, which is "four months after the determination to be reviewed becomes final and binding on the parties." Education Law § 4404(3)(a).

2

contains the Plaintiff's actual names, and since Plaintiffs did not obtain leave of the Court to proceed anonymously.

Finally, Defendant contends that the second cause of action, for attorney's fees, must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6), since the attorney's fee provision upon which Plaintiffs rely, 20 U.S.C. § 1415(i)(3), pertains only to "prevailing parties," and Plaintiffs did not prevail in the administrative proceeding.

On March 18, 2009, Plaintiffs filed a certified copy of the administrative record.

On May 14, 2009, Plaintiffs filed a response to the motion (Docket No. [#6]). First, Plaintiffs concede that the second cause of action, for attorney's fees, should be dismissed without prejudice. Additionally, Plaintiffs maintain that Defendant's objection to Plaintiffs' use of their initials is frivolous, since at least one District Judge in this District has approved the practice of allowing parents to proceed on behalf of their children anonymously, using only initials. And finally, Plaintiffs argue that Defendant's objections regarding the filing of the administrative record are moot, since the record was filed on March 18, 2009.

On June 12, 2009, Defendant filed a reply (Docket No. [#8]), reiterating that the action should be dismissed in its entirety, for failure to file the administrative record simultaneously with the Complaint, and for failure to provide Plaintiffs' actual names. With regard to Plaintiffs' names, Defendant maintain that although courts have permitted litigants to proceed anonymously, Plaintiffs here have not obtained such permission from the Court.

On September 10, 2009, counsel for the parties appeared before the undersigned for oral argument of the motion.

DISCUSSION

*Filing of the Administrative Record*

Defendants' motion, as it pertains to the administrative record, is brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). With regard to the Rule 12(b)(1) application, it is well settled that,

> [a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.

*Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir.2000) (citations omitted). The standard to be applied to a 12(b)(6) motion is also clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, No. 05-1126, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007); *see also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted). When applying this standard, a district court must accept the allegations contained in the

4

complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).[2]

Defendant maintains that dismissal is required by IDEA, 20 U.S.C. § 1415(i)(2)(C)(i), which states, in relevant part: "In any action brought under this paragraph, the court – (i) shall receive the records of the administrative proceedings." Obviously, this language contains no express requirement that a plaintiff file the administrative record, nor does it require that such filing be accomplished within a specified time. Defendant, though, cites a few cases from courts outside the Second Circuit, for the proposition that Section 1415(i)(2)(C)(i) must be interpreted to require that the record be filed along with the complaint.[3] Specifically, Defendant cites *DeKalb County Sch. Dist. v. J.W.M.*, 445 F.Supp.2d 1371, 1378 (N.D.Ga. 2006), *Blunt v. Lower Merion Sch. Dist.*, 559 F.Supp.2d 548 (E.D.Pa. 2008), and *L.J. ex rel. V.J. v. Audubon Bd. Of Educ.*, Civil No. 06-5350 (JBS), 2007 WL 3252240 (D.N.J. Nov. 5, 2007). The *DeKalb* decision states, in a footnote, and in relevant part, as follows:

---

[2] "In considering a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint for failure to state a claim on which relief can be granted, the district court is normally required to look only to the allegations on the face of the complaint. If, on such a motion, matters outside the pleading are presented to and not excluded by the court, the court should normally treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. . . . In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. In addition, even if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations and internal quotation marks omitted).

[3] In its reply brief, Defendant raised an additional argument, under FRCP 4. See, Def. Reply Memo at 2-3. However, the Court need not consider arguments raised for the first time in a reply brief. *See, ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 97 n. 12 (2d Cir.2007) ("We decline to consider an argument raised for the first time in a reply brief.") (citation omitted); *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir.2005) (Holding that district court has discretion whether to consider arguments raised for the first time in a reply brief.). Here, because Plaintiff was not given a chance to address this argument, the Court declines to consider it as part of the pending motion.

> On a motion to dismiss for failure to state a claim, ordinarily the Court cannot consider matters outside the parties' pleadings. Here, however, in an appeal from an administrative hearing in which the hearing record, including the transcript, must be included with the initial pleading seeking review (20 U.S.C. A. § 1415(i)(2)(C)(i) (West. Supp. 2006), there can be no genuine dispute as to the authenticity of the hearing transcript.

*DeKalb County Sch. Dist. v. J.W.M.*, 445 F.Supp.2d at 1378, n. 8 (citation omitted).

Taken out of context, this quote appears to support Defendant. However, the issue of whether the administrative record must be filed with the complaint was not before the court in *DeKalb*, and its statement on that point is therefore dicta. Additionally, although the *DeKalb* decision cites § 1415(i)(2)(C)(i), as already discussed, that section contains no express provision that the administrative record be filed with the complaint. Similarly, the *Blunt* decision, which merely quotes the above language from *DeKalb*, is also dicta, since the court in *Blunt* was not faced with the issue of whether the record must be filed with the complaint. *See, Blunt v. Lower Merion Sch. Dist.*, 559 F.Supp.2d at 565, n. 8. Lastly, the decision in *L.J. ex rel. V.J. v. Audubon Bd. of Educ.* is similarly not on point, since it also did not involve the issue of timing that is before this Court. In that regard, the court in *L.J.* noted that it had denied the defendant's motion for summary judgment on a counterclaim, stating:

> On October 16, 2007, the Court dismissed Defendant's motion without prejudice to renewal on account of Defendant's failure to file with the Court the administrative record from the ALJ Hearings, as is required by 20 U.S.C. § 1415(i)(2)(C)(I). Without the administrative record, of course, the Court is unable to account meaningfully for the possibility of reversing the ALJ Order in weighing Plaintiff's likelihood of success on the merits.

*Id.*, 2007 WL 3252240 at *4, n. 3. As is evident, the court in *L.J.* did not hold that the defendant was required to file the administrative record simultaneously with its counterclaim. Moreover, the court in *L.J.* did not dismiss the defendant's counterclaim,

but merely denied the summary judgment motion without prejudice to renew. In other words, the court in *L.J.* did not hold, contrary to what Defendant argues here, that the failure to file the administrative record deprives a court of subject matter jurisdiction or otherwise requires that the claim be dismissed. Accordingly, none of these cases cited by Defendant provides persuasive authority for this Court to dismiss Plaintiff's complaint. Instead, the Court finds that the filing of the administrative record on March 18, 2009, satisfied the requirement of § 1415(i)(2)(C)(i). *See, P.M. individually and on behalf of J.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08-CV-168A, 2008 WL 4379490 at *2 (W.D.N.Y. Sep. 22, 2008) (Arcara, C.J.) (Holding, in case filed on February 27, 2008, that 20 U.S.C. § 1415(i)(2)(C)(i) was satisfied where administrative record was filed on August 11, 2008).[4] Consequently, Defendant's motion to dismiss on that basis is denied.

### *Use of Parent's and Child's Initials*

Defendant further maintains that the Complaint and Summons fail to comply with FRCP 4, 5, 5.2, and 10, since neither contains the actual names of the parent or child, and since Plaintiffs did not obtain leave of the Court to proceed anonymously. In that regard, Defendant contends that C.B., the parent, may only bring an action under a

---

[4]The Court notes that Defendant's counsel failed to cite Judge Arcara's Decision and Order in his moving papers. This is surprising, since Defendant's counsel represented the defendant in the case before Judge Arcara. In other words, Defendant's counsel raised the same argument before this Court that he unsuccessfully raised before Judge Arcara months earlier, without mentioning Judge Arcara's decision. At oral argument, Defendant's counsel stated that he believed Judge Arcara's decision was erroneous. The Court notes, however, that Judge Arcara's decision adopted a Report and Recommendation by the Hon. H. Kenneth Schroeder, United States Magistrate Judge, to which the defendant in that case did not object. In any event, since it appears that Defendant's counsel may handle education law cases on a regular basis, he is advised that if he continues to raise this argument in other cases, he should take care to cite this Decision and Order and Judge Arcara's Decision and Order as contrary authority.

7

fictitious name with the permission of the Court. Further, Defendant states that, although E.B., the minor child, could be identified in court filings by his or her initials pursuant to FRCP 5.2, the child must be identified by his or her actual name in documents served on Defendant. (Defendant's Memo of Law at 5) ("Rule 5.2 applies to redactions of filings *with the court* concerning a minor. What is served on a defendant is another matter and not covered by Rule 5.2.") (emphasis in original). Alternatively, Defendant contends that, in order to reconcile FRCP 5.2 with FRCP 10(a)'s requirement that the complaint "must name all the parties," Plaintiffs must file an affidavit under seal, containing their actual names. In that regard, Defendant relies on the decision in *P.M. individually and on behalf of J.M. v. Evans-Brant Cent. Sch. Dist.* mentioned above.

However, in *P.M. individually and on behalf of J.M. v. Evans-Brant Cent. Sch. Dist.*, 2008 WL 4379490 at *2-4, Chief Judge Arcara adopted in all respects a Report and Recommendation by the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, which stated, in relevant part:

> Congress and the Judicial Conference have recognized the privacy interests of minor children and directed that court filings utilize initials to reference an individual known to be a minor. *See* Fed.R.Civ.P. 5.2(a), adopted in compliance with section 205(c) (3) of the E-Government Act of 2002, Public Law 107-347. Since a parent must proceed on behalf of a minor child, the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials. Moreover, this is not a case where a defendant will be unaware of the identity of the plaintiffs, as the defendant will necessarily have been involved in administrative proceedings before an IDEA claim may be commenced in federal court. Nor is it a case where the identity of the plaintiff is necessary for the public to assess the appropriateness of a School District's response to a request for individualized educational assistance. In contrast, the information contained within the administrative record for such a claim will almost certainly contain social, medical and

> psychological information about the minor child. The sensitivity of such information is recognized by 20 U.S.C. § 1417(c), which requires state and local educational agencies to ensure the confidentiality of any personally identifiable data, information, and records collected or maintained by such agencies. Therefore, it is the opinion of this Court that in an action commenced by a parent or guardian on behalf of a minor child pursuant to the IDEA, the plaintiffs should be permitted to proceed, as a matter of course, using initials in place of full names in public filings with the Court.
>
> In the instant case, the Court is concerned that plaintiffs have jeopardized the confidentiality to which they are entitled by publicly filing an affidavit and several exhibits containing their complete names. *See V.R. v. Board of Educ. of the City of N.Y.*, No. 03 Civ. 1031, 2003 WL 1565954 (S.D.N.Y. Mar. 13, 2003) (leaving names out of captions would yield little enhancement of privacy where "exhibits to the complaints, which plaintiffs voluntarily attached and for which they have sought no confidentiality, disclose plaintiffs' identities."). However, the Court is reticent to waive the minor's privacy interests in potentially sensitive medical, psychological and educational records due to counsel's failure to request that such records be filed under seal. Accordingly, it is hereby ORDERED that the exhibits containing plaintiffs' actual names (Dkt. # 9-4; 9-5; 11-4; 11-5), be stricken from the record and refiled with the full names redacted and replaced with plaintiffs' initials and that the affidavit filed at Dkt. # 9-9 & Dkt. # 11-9 be sealed. Moreover, it is recommended that defendant's motion to dismiss the amended complaint against P.M. and J.M. be DENIED and that plaintiffs be permitted to proceed under the existing caption of "P.M., individually and on behalf of J.M., a child with a disability." Dkt. # 3.

*Id*. This language does not support Defendant's argument. To the contrary, Judge Arcara's decision indicates that in a case such as the present one, the parent and child are permitted to proceed using only their initials "as a matter of course." The Court adopts this reasoning, and accordingly denies Defendant's motion. In the event that Defendant was truly ignorant of the Plaintiffs' identities, which appears unlikely given the administrative proceedings below, Defendant could always request a more definite statement, pursuant to FRCP 12(e), which could be filed under seal. *See, Court Degraw Theatre, Inc v. Loew's, Inc.*, 22 F.R.D. 264, 266 (E.D.N.Y.1958) ("[I]f the

defendants were in doubt as to the plaintiff's identity, they could have resolved it by resort to the procedure provided by Rule 12(e) of the Federal Rules of Civil Procedure.").

CONCLUSION

Defendants' application (Docket No. [#2]) is granted in part and denied in part. Plaintiffs' second cause of action is dismissed, without prejudice. Otherwise, Defendant's application is denied. Defendant is directed to answer the Complaint within twenty days of the date of this Decision and Order.

So Ordered.

Dated: Rochester, New York
September 14, 2009

ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge